Mary E. DYER, Petitioner,

v.

DISTRICT OF COLUMBIA UNEMPLOY-
MENT COMPENSATION
BOARD, Respondent.

No. 13281.

District of Columbia Court of Appeals.

Submitted Aug. 9, 1978.

Decided Sept. 14, 1978.

Mary E. Dyer, pro se.

Russell L. Carter, Bill L. Smith, Wash-
ington, D. C., D. Kevin Dugan and Norma
Denise Wilson were on the brief, for re-
spondent.

Before YEAGLEY and FERREN, Associ-
ate Judges, and HOOD, Chief Judge,
Retired.

YEAGLEY, Associate Judge:

This is a petition for review of a decision
of the District Unemployment Compensa-
tion Board (DUCB) finding that petitioner
was dismissed from her job due to miscon-
duct and therefore was ineligible for unem-
ployment compensation for a five-week pe-
riod following her termination and for an
additional four-week period because she had
been given two months' voluntary dismissal

pay by her employer. The DUCB decision upheld in all respects the prior decision of its Hearing Examiner.

Petitioner contends: (1) that there was insufficient evidence adduced at the two hearings held before the Appeals Examiner from which he could conclude that petitioner was dismissed for misconduct; (2) that the payment of two months' wages to petitioner by her employer when petitioner was dismissed was a gift and not a voluntary dismissal payment; and (3) that since her dismissal petitioner has been unemployed and is therefore eligible for unemployment compensation from the date of her dismissal.

The record on appeal provides the following uncontested evidence:

Petitioner was employed by the accounting firm of Price Waterhouse & Co. beginning in July 1973. From the spring of 1975 until her dismissal on September 9, 1977, she served as a librarian for the firm. Price Waterhouse had a rule that employees were not to write memoranda voicing dissatisfaction with the company, but instead were to present any complaints orally to supervisory personnel. On at least six occasions during her employment with Price Waterhouse, petitioner disregarded this rule and authored, co-authored, or signed memoranda criticizing the company. The Appeals Examiner found that before writing the last memorandum, petitioner had been specifically instructed not to writ any more.

The particular incident which precipitated petitioner's dismissal had its origin in August of 1977, when petitioner addressed a memorandum to the partner in charge of the District of Columbia office of Price Waterhouse, complaining of alleged inequities in the company's pay system. She contended that an employee who reported to petitioner potentially could have earned more salary than petitioner herself. Petitioner was reprimanded for writing the memo at a meeting with the personnel manager and the partner in charge. At the same meeting, she was informed that the firm might no longer need the services of a librarian, and was requested to keep a log of her activities to aid the company in that determination. When petitioner left for vacation two weeks later, she sent copies of the log to the partner in charge, to the personnel manager, and to the national office librarian of Price Waterhouse in New York.

Upon her return petitioner was reprimanded for sending a copy of her log to the national office librarian and was asked to resign. She refused to do so and suggested that the firm fire her instead. Later that same day petitioner was dismissed from her job by the partner in charge. However, he asked petitioner to remain with the firm for six more working days, and it was also agreed that petitioner would be paid for the six days' work and would receive two months' additional pay upon her severance on September 9, 1977.

On the basis of a telephone conversation with Price Waterhouse's personnel manager, the DUCB Claims Deputy disqualified petitioner from compensation from September 4, 1977 through October 17, 1977, a period of six weeks, amounting to $702, because she determined that petitioner had been dismissed due to insubordination. Petitioner appealed this determination.

At the hearing before the Appeals Examiner, further evidence was presented, including testimony from petitioner and a Price Waterhouse employer representative. From the evidence presented the Appeals Examiner concluded that petitioner had been dismissed for misconduct, but he reduced petitioner's disqualification from six weeks to five weeks (September 4, 1977 through October 8, 1977) and from $702 to $585 due to mitigating circumstances. Petitioner appealed the decision and Price Waterhouse excepted to the determination that petitioner should be paid unemployment compensation for any time before November 8, 1977, since Price Waterhouse had given her severance pay covering that time period. A rehearing on that issue was held and the Appeals Examiner concluded that petitioner was also disqualified from unemployment compensation for an additional four weeks, from October 9, 1977 through November 5, 1977, because of the voluntary dismissal payments from her employer.

Thus petitioner ultimately was disqualified from receiving unemployment compensation for a total of nine weeks. On appeal the DUCB affirmed the decision of the Appeals Examiner.

This court is limited in its review of decisions by the DUCB to a determination of whether the Board's findings of fact are supported by substantial evidence in the record and whether the Board correctly applied the relevant law. *Marshall v. District Unemployment Compensation Board*, D.C. App., 377 A.2d 429 (1977). If the Board's factual findings are supported by substantial evidence they are conclusive. *Washington Post v. District Unemployment Compensation Board*, D.C.App., 379 A.2d 694 (1977).

Petitioner's assertion that there was no evidence from which the Appeals Examiner could have found that petitioner was dismissed for misconduct is without merit. There was substantial, uncontested evidence presented to the Hearing Examiner that on several occasions petitioner refused to follow her employer's rule by writing, co-authoring or signing memoranda critical of Price Waterhouse. As 18 DCRR 301.2(b) states, in pertinent part, "misconduct" may include:

(1) Wilful violation of employer's rules

. . . . .

(3) Repeated disregard of reasonable orders

. . . . .

(6) Insubordination.

Petitioner's participation in the writing of the proscribed memoranda was a clear example of "misconduct" for which the Appeals Examiner could have concluded that petitioner was properly dismissed from her job. The Appeals Examiner's initial five-week disqualification of petitioner was proper since the Act provides:

> An individual who has been discharged for misconduct occurring in the course of his most recent work proved to the satisfaction of the Board shall not be eligible for benefits with respect to the week in which such discharge occurred and for not less than four nor more than nine weeks of consecutive unemployment immediately following such week, as determined by the Board in such case according to the seriousness of the misconduct. In addition such individual's total benefit amount shall be reduced in a sum equal to the number of weeks of disqualification multiplied by his weekly benefit amount. [D.C.Code 1973, § 46–310(b).]

As to petitioner's contention regarding the voluntary dismissal payments, the Act provides:

1. "Wages" means all remuneration for personal services . . . [D.C. Code 1973, § 46–301(c)],
2. "Earnings" means all remuneration payable for personal services, including wages, commissions, and bonuses [*id.*, § 46–301(d)], and
3. An individual shall be deemed "unemployed" with respect to any week during which he performs no services and with respect to which no earnings are payable to him . . .. [*Id.*, § 46–301(e).]

Before the Act was amended in 1972, voluntary dismissal payments were expressly excluded from the definition of wages. *See* District of Columbia Unemployment Compensation Act, Ch. 117, § 1(c)(3), 57 Stat. 104 (1943), amending Ch. 794, § 1(c), 49 Stat. 946 (1935). This language was deleted in the 1972 amendment. Accordingly, voluntary dismissal payments are now considered to be "earnings." In order to be "unemployed" and be eligible for compensation under the Act, an individual must not have performed any services or received any earnings during the period. Thus, an individual is not unemployed for a given pay period if he receives voluntary dismissal payments for that period. Because there was ample evidence on the record to support the Appeals Examiner's conclusion that the payments made to petitioner were voluntary dismissal payments, he was correct in finding that petitioner was ineligible for compensation during the additional four-week period for which petitioner received voluntary dismissal payments.

For the foregoing reasons, the decision of the DUCB is

*Affirmed.*