HOLMES, Judge.
This is an unemployment compensation case. The Circuit Court of Jefferson County, after an ore terms hearing, found the employee was not entitled to unemployment compensation benefits. The employee appeals and we affirm.
The dispositive issue is whether the employee’s employment was “covered” by unemployment compensation. Put another way, was the employee's employment within the purview of § 25-4-10(b)(21)d, Code of Ala. 1975 (1980 Cum.Supp.).
Section 25 — 4—10(b)(21)d of Alabama’s unemployment compensation law is as follows:
(b) The term “employment” [for purposes of unemployment compensation] shall not include:

(21) Services performed ...

d. In a facility conducted for the purpose of carrying out a program of rehabilitation for individuals whose earning capacity is impaired by age or physical or mental deficiency or injury or providing remunerative work for individuals who because of their impaired physical or mental capacity cannot be readily absorbed in the competitive labor market by an individual receiving such rehabilitation or remunerative work[.]
Viewing the record with the attendant presumptions accorded the trial court’s decree, the following is revealed: The employee sought employment through the State of Alabama Employment Service. He was referred by the employment service to Goodwill Industries. After an interview, the employee was determined not to be qualified for the job as advertised. The employee was later contacted by Goodwill Industries and offered a different position.
There is evidence that the employee was hired as a “sheltered employee” pursuant to § 25-4-10(b)(21)d, and furthermore, that he met the conditions as indicated by the statute. Specifically, the personnel manager of Goodwill Industries so testified. Thereafter, the employee was discharged and made claim for unemployment compensation benefits.
The employee’s contentions on appeal, as stated in his brief, are: “The key to claimant’s argument is that he was never notified of his status as a ‘sheltered employee’, received the minimum wage, and was held to the work standards of regular employees.”
This court does not find such argument persuasive. The statute does not mandate that if the factors, as indicated above, are present, § 25-4-10(b)(21)d is inoperative.
In any event, it is the law in Alabama that when an unemployment compensation case is heard orally the trial court’s findings are presumed correct unless shown to be clearly contrary to the great weight of the evidence. Dept. of Industrial Relations v. Lynch, Ala.Civ.App., 370 So.2d 1050 (1979). As indicated, there is ample evidence that the employee was in fact a “sheltered employee” within the purview of § 25-4-10(b)(21)d.
The case is due to be affirmed.
AFFIRMED.
WRIGHT, P. J., and BRADLEY, J., concur.