WRIGHT, Presiding Judge.
Willie Elton Ballard was separated from his employment with U. S. Steel Corporation in Birmingham, Alabama, in June 1976. He filed a claim for Trade Readjustment Allowance (TRA) benefits under Petition No. TAW 1429, pursuant to Trade Act of 1974, § 221, 19 U.S.C. § 2271 (1976). The Department of Industrial Relations (DIR), which administers the program in the State of Alabama, denied Ballard’s claim. Ballard appealed to the Jefferson County Circuit Court. Trial de novo resulted in judgment for Ballard. DIR successfully moved for a new trial which again resulted in a judgment awarding Ballard TRA benefits. From a denial of a motion to vacate the judgment, DIR appeals to this court.
The record reveals the following: Ballard was employed by U. S. Steel as a ladle craneman in the open hearth furnace at the Ensley Plant for thirty years. He was laid off in June 1976 due to the closing of the plant. Ballard received unemployment and subpay, eventually going on retirement in July 1977 about one month after U. S. Steel made the determination to close the plant permanently. In December 1976 the United Steelworkers of America petitioned for certification of eligibility for TRA benefits pursuant to 19 U.S.C. § 2271, supra.[1] After investigation and evaluation of U. S. Steel facilities in Birmingham, the Department of Labor issued a limited certification of Petition No. TAW 1429 which provided in pertinent part:
All workers at the Bessemer, Alabama; Birmingham, Alabama; and Fairfield, Alabama plants of the U. S. Steel Corporation engaged in employment related to the production of one of the following products: carbon steel structural, plate, or wire products, who became totally or partially separated from employment on or after November 15,1975 are eligible to apply for adjustment assistance under Title II, Chapter 2 of the Trade Act of 1974.
Subsequent to the issuance of the certification of the Department of Labor issued two clarification statements, the first of which provided in part:
*142 The certification covers only those workers at the Fairfield works engaged in employment related to the production of the following products: carbon steel structural shapes, carbon steel plates, or carbon steel wire products. The certification was not intended to cover the Fair-field works in its entirety. In making determination as to the coverage beyond works directly producing the designated products ... your office has normal procedures and guidelines concerning employment in such support areas as accounting, maintenance, and material handling. (Emphasis supplied.)
The second clarification statement provided:
I also understand that portions of our earlier memorandum have been interpreted in such a way that the local office has been denying applicants from accounting, maintenance and metallurgy and inspection at the Ensley plant. This was not our intention.
The heading “Fairfield works” was designed to encompass the entire works, including the Fairfield steel plant and the Ensley plant for listed overhead and support units.
Upon receipt of the certification and clarification statements, the State Trade Act Coordinator for DIR prepared a chart of all units within U. S. Steel and determined which units were entitled to coverage under Petition No. TAW 1429. According to the chart, the open hearth unit of the Ensley plant was not covered.
The first issue on appeal is whether the Jefferson County Circuit Court properly exercised jurisdiction. DIR contends that Ballard should have challenged the denial of benefits in federal circuit court. The federal act, at 19 U.S.C. § 2322, provides:
(a) A worker, group of workers, certified or recognized union, or an authorized representative of such worker or group, aggrieved by a final determination by the Secretary under the provisions of section 2273 of this title may, within 60 days after notice of such determination, file a petition for review of such determination with the United States court of appeals for the circuit in which such worker or group is located.... (Emphasis supplied.)
Ballard, however, argues that § 25-4-95, Code of Alabama (1975) governs the appropriate method of judicial review. That section provides:
Within 10 days after the decision of the board of appeals has become final, any party to the proceeding . . . who claims to be aggrieved by the decision may secure a judicial review thereof by filing a notice of appeal in the circuit court of the county of the residence of the claimant; . . . Trial in the circuit court shall be de novo. (Emphasis supplied.)
Proper jurisdiction is therefore dependent on determining by whom Ballard was aggrieved.
The limited certification issued by the Secretary of Labor was unclear and hence incapable of administration without interpretation. The lack of clarity in the certification is evidenced not only by the need for clarification statements but also by the language contained therein. The State Trade Act Coordinator’s interpretation of the certification excluded Ballard from TRA benefits. We hold that Ballard’s grievance resulted from the decision of the state agency. We further note that 19 U.S.C. § 2311 of the federal act provides:
(d) A determination by a cooperating State agency with respect to entitlement to program benefits under an agreement is subject to review in the same manner and to the same extent as determinations under the applicable State law and only in that manner and to that extent.
The Jefferson County Circuit Court properly exercised jurisdiction over Ballard’s claim.
The second issue on appeal is whether there is sufficient evidence to support the trial court’s judgment that Ballard is entitled to TRA benefits under Petition No. TAW 1429. When an unemployment case is heard orally the trial court’s findings are presumed correct unless shown to be clearly *143 contrary to the great weight of the evidence. Carter v. Carter, 395 So.2d 1020 (Ala.Civ.App.1981).
The record shows that Ballard’s position as a ladle craneman for the Ensley open hearth required him to transfer molten steel from the furnace to the steel pour-er who poured the steel into molds. It is uncontested that the end products of such steel included steel plate, structural steel and wire. The certification explicitly covered workers engaged in employment related to the production of these products at the Bessemer, Birmingham, and Fairfield plants. Witnesses testified that the Ensley plant has been considered part of the Fair-field works for several years. Admittedly, the clarification statements specifically named certain units as being covered, without referring so specifically to the Ensley open hearth unit. The DIR witness, however, clearly agreed that the clarification statements merely expanded the original certification and were not meant in any way to limit it. The trial court’s determination that Ballard was totally separated from employment in an adversely affected unit is amply supported by the evidence in the record. There was therefore no error in the trial court’s finding that Ballard is entitled to TRA benefits under Petition No. TAW 1429.
This case is due to be affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.

. The Trade Act of 1974 provides for federal assistance to ameliorate the adverse impact which foreign imports have on American employment.