Isidoro RODRIGUEZ, Petitioner,

v.

DISTRICT OF COLUMBIA DEPART-
MENT OF EMPLOYMENT
SERVICES, Respondent.

No. 81–900.

District of Columbia Court of Appeals.

Argued March 10, 1982.

Decided Aug. 5, 1982.*

Isidoro Rodriguez pro se.

Grace Lockett Rosner, Washington, D.C., for respondent.

Before FERREN, PRYOR and BELSON, Associate Judges.

---

* The original disposition of this case was by an unpublished Memorandum Opinion and Judg-ment.  Respondent's motion requesting publi-cation was granted by the court.

**PER CURIAM:**

Petitioner seeks review of a Final Decision of the Acting Director of the District of Columbia Department of Employment Services (the Department) ordering that petitioner be disqualified from receiving unemployment compensation benefits for a period of two years on the ground that petitioner committed fraud in representing his employment status to the Department.[1] We affirm.

In his petition for review, petitioner alleged that his request to the Department for record material necessary to prepare his appeal of the Appeals Examiner's decision to the Acting Director was not complied with by the agency in accordance with D.C. Code 1981, § 1–1509(c).[2] We found that the record before us was insufficient to permit a determination whether the Department had complied with petitioner's request. Accordingly, we ordered the record remanded to the Department in order that evidence might be taken and a finding made as to whether the Department had "reasonably and adequately" complied with petitioner's request for record material.[3]

Pursuant to our order, the Department took evidence, including the sworn testimony of Department employees, that petitioner's requests for record material had been complied with in accordance with the provisions of § 1–1509(c). Petitioner offered no evidence in support of his contention that he had been denied the material, and voluntarily absented himself from the hearing at which testimony was taken.

The Acting Director's finding, issued pursuant to this court's order, was that petitioner's request for record material was reasonably and adequately complied with. We conclude that the record evidence supports the Acting Director's finding on this issue. We further conclude that there is substantial record evidence to support a finding that petitioner committed fraud upon the Department, and affirm the disqualification imposed by the Acting Director pursuant to D.C.Code 1981, § 46–120(e).[4]

Petitioner is an attorney who specializes in personnel and unemployment compensation law. He was employed by the District of Columbia Government, Office of Personnel, as an "Expert Consultant/Legal Counsel" from April, 1979 to December, 1979. On January 7, 1980, petitioner filed for unemployment compensation benefits. He claimed benefits for the calendar week ending February 9 through the week ending March 22, 1980, and benefits were paid to him for all seven weeks. In accordance with Department regulations, petitioner certified that he was not employed during each of the weeks for which he claimed benefits.

On February 4, 1980, petitioner began performing services for the Office of Employee Appeals. On that date the Office was in an organizational stage and funding for it had not been approved. The Chairperson of the Office of Employee Appeals testified in hearings before the Department that petitioner started working for that office as a volunteer and that petitioner did

---

**1.** The Acting Director's Final Decision also affirmed the Appeals Examiner's finding that petitioner had been overpaid by the Department in that he received benefits while employed. Although petitioner seeks review of the Acting Director's determinations with respect to both overpayment and fraud, the record indicates that petitioner conceded overpayment in a hearing before the agency. We consider therefore that the overpayment issue is not before us.

**2.** D.C.Code 1981, § 1–1509(c), provides that the agency shall maintain an official record in each contested case. Record material must be made available to parties to the case upon request. *See Quick v. Department of Motor Vehicles,* D.C.App., 331 A.2d 319 (1975).

**3.** Order dated March 10, 1982.

**4.** D.C.Code 1981, § 46–120(e) provides:

Any person who the Board finds has made a false statement or representation knowing it to be false, or who knowingly fails to disclose a material fact to obtain or increase any benefit under this chapter may be disqualified for benefits for all or part of the remainder of such benefit year and for a period of not more than 1 year commencing with the end of such benefit year. . . .

not know "for some time" if or when he would get on the payroll.

On February 20, 1980, petitioner signed a notarized appointment affidavit on which the date of his appointment to a position with the Office of Employee Appeals was designated as February 4, 1980. The record is not clear as to when petitioner first received payment for his services, but it was not later than March 18, 1980, as petitioner has conceded that as of that date he received a check with a notification that he was being paid as an employee of the Office of Employee Appeals.

In accordance with Department procedure, petitioner's employer, the District of Columbia Office of Personnel, was notified that petitioner was claiming benefits. On April 1, 1980, a memorandum was addressed to the Department by the employer requesting a review of petitioner's eligibility for benefits and seeking the imposition of a disqualification for fraud. On the same date, petitioner informed the Department of a possible overpayment and submitted a check in the amount of $1,000 to be applied thereon pending determination of overpayment by the Department.

A Claims Deputy found that there had been overpayment in the amount of $1,267 in that petitioner received benefits while employed. The Deputy declined to impose a disqualification for fraud pursuant to § 46–120(e) after concluding that petitioner did not misrepresent willfully his employment status while claiming benefits. The Claims Deputy based his conclusion in part on his own belief that "a person knowledgeable of the laws [would not] jeopardize [not only] his employment and profession but his future as a lawyer to obtain an extra $181 per week illegally, when his annual average income is presently over $40,000."

Petitioner appealed the determination of overpayment and the District of Columbia appealed the determination of no disqualification for fraud. Hearings were held before the Appeals Examiner between July and December, 1980. On February 20, 1981, the Appeals Examiner issued his decision that the prior determinations of over-

payment and no fraud be affirmed. The Appeals Examiner indicated his reliance upon the opinion of the Claims Deputy with respect to the fraud issue. Petitioner and the District of Columbia appealed the Appeals Examiner's decision to the Acting Director of the Department. On July 17, 1981, the Acting Director issued a Final Decision affirming the Appeals Examiner on the issue of overpayment but reversing on the issue of fraud. The Acting Director concluded that application of the subjective test set forth in *Jacobs v. District Unemployment Compensation Board,* D.C.App., 382 A.2d 282 (1978) to the facts of the instant case compelled a determination that petitioner knowingly misrepresented his employment status and committed fraud upon the Department. We sustain that conclusion.

We have held that the elements of a § 46–120(e) violation essentially track the common law requirements for proof of fraud, those elements being, false representation of a material fact or failure to disclose a material fact, knowledge of the falsity, intention to induce reliance upon the misrepresentation, and actual reliance. *Id.* at 286. Whether a claimant has knowledge of the falsity at issue is to be determined by reference to a subjective standard, *i.e.,* the state of mind of the claimant rather than that of a reasonable person in the position of the claimant is to be considered. *Id.* at 287. The Appeals Examiner's reference to the Claims Deputy's opinion concerning the motives of an individual in petitioner's position indicates that the Appeals Examiner incorrectly applied a reasonable person test, rather than the subjective test mandated by *Jacobs.*

██ In addition, there is sufficient record evidence to sustain the Acting Director's finding that petitioner knowingly made false statements concerning his employment status. The Acting Director noted that appellant was an attorney experienced in personnel matters and familiar with all District of Columbia unemployment compensation procedures. In other words, he is presumed to be aware of the legal requirement

in this jurisdiction that to be eligible for compensation under the District of Columbia Unemployment Compensation Act, an individual must not have performed any services or received any earnings during the period benefits are claimed. *Dyer v. District of Columbia Unemployment Compensation Board,* D.C.App., 392 A.2d 1, 3 (1978). He is also presumed to be aware of the statutory definition of "earnings" as all remuneration *payable* for personal services. *See* D.C.Code 1981 § 46–120(d).

Petitioner signed an appointment affidavit on February 20, 1980, indicating that his appointment was effective February 4, 1980. He thus was chargeable as of February 20, with knowledge that he was employed and had earnings due him beginning February 4, 1980. Moreover, at the latest by March 18, 1980, petitioner received a pay stub indicating he was being paid as an employee of the Office of Employee Appeals. The D.C. Payroll Register indicates that he was paid on that date for a period commencing February 24, 1980. A Certificate of Wage Earnings which accompanies payroll checks to D.C. government employees was issued for the pay period ending March 8, 1980. In the normal course, petitioner would have received the certificate on March 22, 1980. Nevertheless, on March 26, 1980, petitioner certified that he was unemployed through the period ending March 22, 1980, and accepted benefits for that period.

Petitioner's explanation that he believed payments he received in March 1980, were in payment of a claim against his former employer, the Office of Personnel, reasonably could have been found unconvincing in light of the complete lack of evidence that petitioner was ever notified that the claim was settled or that he was receiving payment on that claim.

In addition to alleging that there is insufficient record evidence to support the Acting Director's finding of fraud, petitioner asserts that the Department is without jurisdiction to adjudicate unemployment compensation claims; that proceedings before the Department were not conducted in accordance with the due process requirements of the Fifth Amendment and the provisions of the District of Columbia Administrative Procedure Act, and that the Appeals Examiner was not impartial, but was subject to the control of unnamed "higher authorities." We find these arguments unpersuasive, and affirm the Final Decision of the Acting Director of the District of Columbia Department of Employment Services.

*Affirmed.*