This is an unemployment compensation case.
The circuit court found the claimant to be disqualified for unemployment compensation benefits. The claimant, through able counsel, appeals and we affirm.
The two dispositive issues on appeal are:
I. Whether a teacher who actually works for nine months but is paid on a twelve-month schedule is "unemployed" during the three-month summer period within the meaning of § 25-4-71, Ala. Code (1975).
II. Whether the trial court's determination that the claimant was not available for work within the purview of § 25-4-77 (3), Ala. Code (1975), and therefore disqualified for benefits is supported by the evidence.
 I
With regard to the first issue, the record indicates that during the 1975-76 school year the Cullman County Board of Education voted to terminate the employment of all non-tenured teachers, apparently due to the legislature's failure to pass the education budget. Each teacher involved was given notice of the Board's decision prior to the end of the school year.
The claimant was among the 150 teachers that were non-renewed. During that school year, she was under contract with the school system to work for the nine-month school term but to be paid in twelve monthly installments.
At the end of the school year and after receiving notification of the non-renewal, the claimant filed for unemployment compensation through the Alabama Department of Industrial Relations. As stated, during the summer months that she filed for unemployment compensation, the claimant continued to be paid her monthly salary from the Cullman County Board of Education.
On August 11, 1976, the claimant was rehired by Cullman County for the 1976-77 school year.
The claimant's unemployment benefits were denied by the Department of Industrial Relations and she appealed administratively. After exhausting her administrative remedies, a trial de novo was held, in which the trial court denied her benefits. From this decision the claimant appeals.
The Alabama Unemployment Compensation Act provides:
 "An individual shall be deemed totally unemployed in any week during which he performs no services and with respect to which no wages are payable to him, and *Page 1145 
shall be deemed partially unemployed in any week of less than full-time work if the wages payable to him with respect to such week are less than his weekly benefit amount."
Ala. Code (1975), § 25-4-71 (emphasis added).
It is not disputed that the claimant did receive a monthly salary during the summer of 1976. In addition, she continued to keep her A.E.A. dues and retirement benefits up to date by deductions from her pay.
The statute clearly states in order for a person to be totally unemployed there must be "no wages" that are "payable to him." Here, the claimant admitted that she had wages payable to her during those summer months.
Other states with unemployment compensation statutes similar to ours have ruled that teachers that continue to be paid wages during the summer months are not eligible for unemployment compensation. See Hawaii State Teachers Association v.Department of Labor and Industrial Relations, 56 Haw. 590,546 P.2d 1 (1976); Holets v. Commonwealth, UnemploymentCompensation Board of Review, 39 Pa. Commw. 38, 394 A.2d 1299
(1978); Hyduchak v. Commonwealth, Unemployment CompensationBoard of Review, 35 Pa. Commw. 575, 387 A.2d 669 (1978). We in general agree with the rationale of these cases from sister jurisdictions.
Additionally, this court has stated that the purpose of the unemployment compensation law is to provide a worker with funds to avoid a period of destitution because of the loss of employment. Its goal is to sustain the worker while he looks for other employment. Arrow Company v. State, Department ofIndustrial Relations, 370 So.2d 1013 (Ala.Civ.App. 1979).
Here, there was evidence that the claimant was paid during every month of the summer of 1976, and at no time during this period were the wages discontinued.
In view of the fact that the claimant continued to receive wages during the summer months and in consideration of the stated purpose of the act, we cannot say that the claimant meets the definition of "unemployed" as defined in section25-4-71.
 II
As stated earlier, the trial court additionally concluded that claimant was not "available" for employment during the summer months.
The Alabama Unemployment Compensation Act provides that an unemployed person is eligible to receive benefits if the director finds that:
 "(3) He is physically and mentally able to perform work of a character which he is qualified to perform by past experience or training, and he is available for such work either at a locality at which he earned wages for insured work during his base period or at a locality where it may reasonably be expected that such may be available."
Ala. Code (1975), § 25-4-77 (3) (emphasis added).
In regard to this issue there was testimony from the claimant that she did not "want to work" until she knew whether or not she would be rehired at the same school.
There was evidence that the claimant did not actively seek other employment. In fact, she stated that she did not apply for any other teaching position during the summer of 1976.
The Alabama Supreme Court in Department of IndustrialRelations v. Tomlinson, 251 Ala. 144, 36 So.2d 496, 499 (1948), stated that:
 "[A] claimant in order to show that he was `available for work' during the time for which he seeks benefits must at least show that he acted in good faith and made a reasonable effort to secure suitable employment of a character which he is qualified to perform by past experience or training."
The ore tenus rule is applicable in unemployment compensation cases, and when the trial court has heard the evidence *Page 1146 
orally, the court's findings will not be overturned unless they are clearly contrary to the great weight of the evidence.Carter v. Carter, 395 So.2d 1020 (Ala.Civ.App. 1981).
Here, in view of the evidence that the claimant failed to apply for any other jobs and her statement that she wanted no work until she had a chance to be rehired, we cannot say that the trial court's determination that she was not "available" for work was unsupported by the evidence.
In other words, the evidence does not reflect that the claimant made a "good faith" and "reasonable" effort to secure employment, and the denial of unemployment compensation benefits due to her lack of "availability" was proper.
 III
In addition to the above, the learned and distinguished trial judge in his judgment stated the following:
"The Court further holds because it was submitted to theCourt that the plaintiff was not disqualified for unemployment compensation under Code of Alabama, 1975, Section 25-4-77 (3), because she was not under two contracts during the summer involved." (Emphasis added.)
The Department of Industrial Relations cross-appeals from the above "finding" by the trial court.
The Department contends that under the instant facts the claimant does fall within the purview of § 25-4-78 (13), Ala. Code (1975).
We do not deem it necessary to the resolution of this case to answer the contentions of the Department.
Assuming, without so deciding, that the trial court's finding is incorrect, this error, if it be error, would in no way affect the result of the trial. As seen from the earlier portion of this opinion, the claimant is disqualified to receive unemployment compensation benefits. If the trial court's "statement" is incorrect, the claimant is still disqualified.
Put another way, it matters not whether the claimant is disqualified for two reasons or three reasons.
Suffice it to say, an appellate court will not reverse a trial court based upon a ruling which could not have legally affected the result of the trial. Clevenger v. State,369 So.2d 563 (Ala.Civ.App. 1979).
This case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.