**IDEAL ACADEMY PUBLIC CHARTER SCHOOL,**
Petitioner,

v.

**Karen M. BERNOLA, Respondent.**

**No.  07–AA–1224.**

District of Columbia Court of Appeals.

Submitted Feb. 12, 2009.

Decided June 11, 2009.

Curtis A. Boykin, Washington, DC and Monica O'Connell, filed a brief for petitioner.

Karen M. Bernola, filed a brief, pro se.

Peter J. Nickles, Assistant General for the District of Columbia, Todd S. Kim, Solicitor General, Donna M. Murasky, Deputy Solicitor General, and Michael A. Milwee, Senior Assistant Attorney General, filed a supplemental memorandum on behalf of the District of Columbia Department of Employment Services.

Before RUIZ and KRAMER, Associate Judges, and FARRELL, Senior Judge.

FARRELL, Senior Judge:

The issue here is whether an administrative law judge (ALJ) of the Office of Administrative Hearings (OAH) correctly ruled that respondent Karen M. Bernola was entitled to unemployment compensation "for the period beginning July 29, 2007," when, although her duties as a school counselor had ended by that date as a practical matter, she was still paid by the employer according to her contractual terms until the contract expired on August 31, 2007. We reverse the ALJ's decision. Ms. Bernola was not "unemployed" within the controlling statute so long as she was paid, and subject to work assignments, under her contract. Any entitlement to benefits she may have must begin when her contractual earnings ceased.

## I.

On July 31, 2006, Bernola entered a contract with Ideal Academy Public Charter School ("Ideal Academy" or "the school") in which she agreed to serve as a counselor at the school from September 1, 2006 until August 31, 2007. The agreement provided that her salary was to be paid in 24 "semi-monthly" installments over the twelve-month term of the contract. Bernola worked for Ideal Academy through the end of the school year in June, but on July 27, 2007, the Principal informed her in writing that her contract would not be renewed for the 2007–2008 school year. Nevertheless, Bernola continued to be paid until the expiration of her contract, receiving her final pay check on or about September 17, 2007.

After receiving the Principal's July 27th letter, Bernola applied for unemployment compensation for the period beginning July 29, 2007, and ending July 26, 2008. A Department of Employment Services (DOES) claims examiner ruled her ineligible because, as she was "still under contract and ... being paid" through August 31, 2007, she did not meet the definition of "unemployed" for that period, as set forth in D.C.Code § 51–101(5) (2006 pocket part). On Bernola's administrative appeal, however, an OAH ALJ reversed, ruling that she was "eligible for unemployment compensation benefits for the period beginning July 29, 2007, if she is otherwise eligible[.]" Bernola, the ALJ reasoned, had fulfilled her obligations under the contract by working at the school during the year ending on June 19, 2007, and she had no responsibilities under the contract during the summer months.[1] Based on these

1. Actually, as DOES points out in its supplemental memorandum to the court, no con-

tractual provision limited the school's right to assign Bernola duties to the period when

findings, the ALJ concluded that petitioner had been unemployed as of the date the school informed her it was not renewing her contract and that any wages she received after that date represented payment for work performed during the academic year. According to the ALJ, the school "became obligated to pay all it agreed to pay [petitioner] in the contract when [she] completed her work obligation on June 19, 2007."

## II.

■ Ideal Academy contends that the ALJ erred because petitioner was not unemployed on July 29, 2007, as she was still under contract and being paid. Bernola replies that she was unemployed and eligible for benefits as of the time she received the Principal's letter explaining that her contract would not be renewed. We think the school has the better of the argument.

■ This court must affirm an OAH decision if, among other things, " 'OAH's conclusions [of law] flow rationally from its findings of fact.' " *District of Columbia Dep't of Employment Servs. v. Vilche*, 934 A.2d 356, 360 (D.C.2007) (quoting *(Grey) Rodriguez v. Filene's Basement, Inc.*, 905 A.2d 177, 180 (D.C.2006)). We will not " 'affirm an administrative determination which reflects a misconception of the relevant law or a faulty application of the law.' " *Berkley v. D.C. Transit, Inc.*, 950 A.2d 749, 759 (D.C.2008) (internal citation omitted).

■ D.C.Code § 51–109 (2001) sets forth the conditions under which an "unemployed" individual may receive unemployment compensation. Under D.C.Code § 51–101(5), an individual is unemployed "with respect to any week during which he

performs no service and with respect to which no earnings are payable to him[.]" Thus, to meet the definition of unemployed, "an individual must not have performed any services *or* received any earnings during the period benefits are claimed." *(Isidoro) Rodriguez v. District of Columbia Dep't of Employment Servs.*, 452 A.2d 1170, 1173 (D.C.1982) (emphasis added) (citing *Dyer v. District of Columbia Unemployment Comp. Bd.*, 392 A.2d 1, 3 (D.C.1978) (similarly stating that an individual "must not have performed any services or received any earnings during the [claim] period.")). The term "earnings" is defined as "all remuneration payable for personal services, including wages, commissions, and bonuses[.]" D.C.Code § 51–101(4).

Here, Bernola was not unemployed "beginning July 29, 2007" (as the ALJ ruled) because she received payment for her services beyond that period under the terms of her contract, *i.e.*, semi-monthly payments for a twenty-four month period ending on or about September 17, 2007. Even though the school year had ended, the school was not required to pay her the remainder of her salary at once, because the contract provided that her salary would be paid in installments as described above. While Bernola may not have performed work for the school during the summer months, to be "unemployed" a person "must not have performed any services *or* received any earnings" during the relevant period. *(Isidoro) Rodriguez, supra*, 452 A.2d at 1173 (emphasis added). As the additional paychecks Bernola received from the school constitute earnings, D.C.Code § 51–101(4), she may not receive unemployment compensation for the period covered by those earnings. This is

---

school was in session. Whether or not she was asked to work during the summer, her responsibilities under the contract included

various tasks (*e.g.*, community outreach) that could have been assigned in the summertime.

especially true as, contrary to the ALJ's analysis, Bernola's contract left the school free to assign her additional duties during the summer, whether or not it did so. See note 1, *supra.* Lastly, it would scarcely be wise to construe "unemployed," and contracts such as Bernola's, in a way that (a) could force employers to impose make-work duties during the rest of the contractual period and (b) would put courts in the unsuitable role of having to decide whether post-school-year work was "genuine" or, instead, a device to avoid the possible costs of unemployment compensation.

Our conclusion is supported by the holdings of cases from other jurisdictions with statutes having language similar to the District's Unemployment Compensation Act. In *Hale v. Cullman County Bd. of Educ.,* 465 So.2d 1143 (Ala.Civ.App.1984), a non-tenured school teacher sought unemployment benefits after she was informed that the school board would not renew her contract for the next academic year. Although she had contracted to work during the nine-month school year, her salary was paid in twelve monthly installments. *Id.* at 1144. She filed for unemployment benefits after the school year had finished, but at a time when her monthly salary was still being paid by the school board. *Id.* Under the Alabama Unemployment Compensation Act, " '[a]n individual shall be deemed totally unemployed in any week during which he performs no services and *with respect to which no wages are payable to him*[.]' " *Id.* (quoting ALA.CODE § 25–4–71 (1975)) (emphasis in court's opinion). The court held that the teacher was not unemployed within this language because she still received wages during the summer months covered by her unemployment claim. *Id.* at 1145.

Courts in Hawaii and Pennsylvania have reached similar decisions. The Supreme Court of Hawaii held that probationary teachers who had contracted to teach for one academic year could not claim unemployment benefits for summer months during which they did not have to work, because their contracts provided that they would be paid in semi-monthly installments over a twelve-month period. *Hawaii State Teachers Ass'n v. Dep't of Labor and Indus. Relations,* 56 Haw. 590, 546 P.2d 1 (1976). Under the Hawaii statute, an individual is unemployed with respect to a particular week if "he performs no services in that week" and if "no wages are payable to him." *Id.* at 4 (citing HAW. REV.STAT. § 383–1(16)). The court concluded that each week during which the teachers' contracts remained in force and the teachers collected wages "was a week of employment and in such weeks the claimants were not unemployed." *Id.* Likewise, the Commonwealth Court of Pennsylvania held that two non-tenured teachers were ineligible for unemployment compensation covering the summer vacation period because they continued to receive pay checks during the summer months when they did not work. *Hyduchak v. Unemployment Comp. Bd. of Review,* 35 Pa.Cmwlth. 575, 387 A.2d 669 (1978). That is, they were not unemployed within the terms of a statute providing that an individual is unemployed in any week " 'during which he performs no services for which remuneration is paid or payable to him and ... with respect to which no remuneration is paid or payable[.]' " *Id.* at 672 (quoting 43 PA. CONS. STAT. § 753(u)).

■ For the reasons stated, we therefore reverse the ALJ's determination that Bernola was entitled to unemployment compensation beginning July 29, 2007. "A very basic policy underlying the Unemployment Compensation Act is the preference for compensation through employment rather than welfare compensation."

*District Unemployment Comp. Bd. v. William Hahn & Co.*, 130 U.S.App. D.C. 254, 257, 399 F.2d 987, 990 (1968). Bernola received compensation through her employment until the end of the contractual term. Whether she is eligible for benefits after August 31, 2007, when the contract expired, is not before us (and was not before either the claims examiner or the ALJ); as to that period, she is free to make an independent claim for compensation with DOES if the circumstances warrant.

*So ordered.*