Bertha D. Holets, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 15, 1978, before Judges CRUMLISH, JR., WILKINSON, JR. and CRAIG, sitting as a panel of three.

*Shelley W. Elovitz,* with him *Ronald N. Watzman,* for petitioner.

*Michael Klein,* Assistant Attorney General, for respondent.

OPINION BY JUDGE CRAIG, December 5, 1978:

Bertha D. Holets (claimant) appeals from a decision by the Unemployment Compensation Board of Review (Board) affirming a referee's determination that claimant was not eligible for unemployment compensation benefits, because she was not unemployed as defined in the Unemployment Compensation Law (Law),[1] Section 4(u), 43 P.S. §753(u), and had therefore received benefits for which she was not eligible, benefits which must therefore be recouped according to Section 804(b) of the Law, 43 P.S. §874(b), dealing with non-fault overpayments. We affirm.

Claimant was employed by the Allegheny Intermediate Unit as a teacher's aide at a salary of $7,-280.00 a year. Her work days ran from the beginning of the school year in mid-September, 1975, until June 8, 1976, at which time school closed for the summer. Claimant subsequently returned to work on August 31, 1976.

On June 17, 1976, claimant applied for unemployment compensation benefits, and received benefits for the weeks ending June 12, 1976 through August 28, 1976. She ultimately received a total of $814.00 before the Bureau of Employment Security (Bureau)

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §751 et seq.

disallowed compensation upon discovering that claimant had been receiving salary payments during the weeks in question.

Claimant was receiving those salary payments because she had exercised an available option to have her salary paid on a twelve-month basis. She could, on the other hand, have elected to have her salary paid only during the school year, ending June 8, 1976.

Additionally, however, the school district provided claimant with a $20,000.00 life insurance policy with twelve-month disability coverage.

On the basis of this information, the Bureau determined that claimant was not unemployed[2] and was therefore not entitled to receive any unemployment compensation benefits.

Claimant appealed from the Bureau's determination, and a hearing was held before a referee on February 8, 1977. The referee affirmed the decision of the Bureau, and claimant then took a timely appeal to the Board. By order dated March 22, 1977, the Board affirmed the referee's decision. Then claimant appealed to this Court.

Claimant raises a single issue in this appeal: whether the fact that she elected to receive her pay over a full year rather than the period she actually worked should preclude her from receiving unemployment compensation benefits.

Claimant argues that the issue is one of first impression in this Commonwealth. That is no longer

---

[2] Unemployment is set out as a requirement for receipt of benefits in Section 401 of the Law, 43 P.S. §801, and is defined in Section 4(u), 43 P.S. §753(u), which reads in pertinent part:

(u) 'Unemployed.'

An individual shall be deemed unemployed (I) with respect to any week (i) during which he performs no services for which remuneration is paid or payable to him and (ii) with respect to which no remuneration is paid or payable to him. . . .

the case. This Court, on June 2, 1978, ruled on the same question. *Hyduchak v. Unemployment Compensation Board of Review*, 35 Pa. Commonwealth Ct. 575, 387 A.2d 669 (1978). There, as here, the Board had determined that two teacher-claimants did not meet the definition of "unemployed" because they elected to receive their salary over a twelve-month period. Moreover, they continued to receive insurance benefits during the summer months, as did claimant here. Judge BLATT stated in *Hyduchak*:

> The standard for determining eligibility as an 'unemployed' individual was discussed by our Supreme Court in Gianfelice Unemployment Compensation Case, 396 Pa. 545, 153 A.2d 906 (1959), which concerned the receipt of pension benefits. There, as in the cases presently before us, the claimant clearly performed no services during the claim week and the issue there, as here, was whether or not the claimant qualified under subsection (ii). The Supreme Court defined 'remuneration' as 'payment for services performed.' Gianfelice, supra, 396 Pa. at 555, 153 A.2d at 911. We believe that the wages received by the claimants here must certainly be considered 'remuneration' and that we must accept the Board's findings that this 'remuneration' was paid during the claim weeks in question. We must conclude, therefore, that these claimants do not satisfy the condition of subsection (ii) and that they are not 'unemployed' for purposes of the Act. (Footnote omitted.)

*Hyduchak, supra*, 35 Pa. Commonwealth Ct. at 581, 387 A.2d at 672.

We conclude that *Hyduchak* governs the present case. In *Hyduchak*, the similarly-situated employees'

options were to receive biweekly checks over the summer or a lump-sum payment for that period, whereas here claimant's option was to be paid evenly over nine or twelve months. We believe that the distinction involves no difference in substance, particularly since the continuation of employment was corroborated by continuation of insurance coverage in both cases.[3]

We therefore affirm the determination of the Board denying benefits to the claimant.

ORDER

AND Now, this 5th day of December, 1978, the order of the Unemployment Compensation Board of Review, Decision No. B-142438, dated March 22, 1977, is affirmed.

---

[3] The Board considered this case without reference to Section 401(d) of the Law, 43 P.S. §801(d), which can make school employees ineligible during summer vacation on the ground of unavailability for suitable work. *Chickey v. Unemployment Compensation Board of Review*, 16 Pa. Commonwealth Ct. 485, 332 A.2d 853 (1975).

Therefore, we here intend no implication that restriction of payment to the nine-month period would necessarily have made claimant eligible.