David Partridge, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued April 6, 1981, before Judges ROGERS, WILLIAMS, JR. and PALLADINO, sitting as a panel of three.

*A. Martin Herring*, with him *Michael J. Flanagan*, of counsel, *Teitelman and Herring*, for petitioner.

*John T. Kupchinsky*, Assistant Attorney General, with him *Richard Wagner*, Chief Counsel, and *Harvey Bartle, III*, Acting Attorney General, for respondent.

OPINION BY JUDGE WILLIAMS, JR., June 12, 1981:

Claimant, David Partridge, appeals from an order of the Unemployment Compensation Board of Review (Board) denying him benefits. The Board affirmed a decision that, for the claim weeks in question, the claimant was not ''unemployed'' within the definition of Section 4(u) of the Unemployment Compensation Law (Act),[1] and was, therefore, ineligible for benefits.

Claimant, Partridge, was last employed as a teacher by the Schuylkill Haven School District at a salary of approximately Thirteen Thousand Dollars per year. Claimant's salary was based on a twelve month work year. In June, 1979, claimant received notice from the school district that following the 1978-1979 school term his services would be terminated and that beginning September, 1979, he would no longer be employed as a teacher with the district. Claimant's termination was due to declining enrollment in the school district.

At the time of claimant's termination, the Schuylkill Haven Education Association had in effect a collective bargaining agreement with the Schuylkill Haven School District which gave teachers employed by the district the option of receiving their paychecks over a nine month period or a twelve month period.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §753(u).

The contract further provided that if a teacher chose to be paid over a twelve month period, he could elect to receive the monies due him for the summer months in one lump sum. During the year prior to his termination, claimant had opted to be paid over a twelve month period. Upon notification of his termination of employment, claimant accelerated the outstanding monies owed him and received a lump sum salary payment for the summer months on June 22, 1979. Had claimant not requested the lump sum payment, he would have continued to receive his regular bi-weekly wages through August 31, 1979. The claimant's fringe benefits, which included Blue Cross, Blue Shield and dental care insurance were continued through August 31, 1979.

On June 15, 1979, claimant filed an application for unemployment compensation benefits with an effective date of June 10, 1979. On June 29, 1979, the Office of Employment Security (OES) issued a Notice of Determination denying benefits to the claimant, relying on the provisions of Section 4(u) of the Act. After affirmances by a referee and then the Board, claimant's further appeal to this Court followed.

The sole issue facing us is whether the claimant was "unemployed" within the definition of Section 4(u) of the Act so as to be eligible for unemployment benefits during the summer months following the 1978-79 school term. Claimant argues that he qualifies as "unemployed" under the Act because he chose to collect a lump sum salary payment in June, 1979, rather than receive wages through the summer months. We find no merit in claimant's contention.

Section 4(u) of the Act reads in pertinent part:

(u) 'Unemployed.'

An individual shall be deemed unemployed (I) with respect to any week (i) during which he performs no services for which remunera-

tion is paid or payable to him and (ii) with respect to which no remuneration is paid or payable to him. . . .

The issue which claimant presents to this Court is not novel. We have previously decided cases involving the eligibility of public school teachers for unemployment compensation during the summer months, when they were not teaching. *See Hyduchak v. Unemployment Compensation Board of Review,* 35 Pa. Commonwealth Ct. 575, 387 A.2d 669 (1978); *Holets v. Unemployment Compensation Board of Review,* 39 Pa. Commonwealth Ct. 38, 394 A.2d 1299 (1978). In those cases, as in the case now before us, the teachers continued to receive health and life insurance coverage throughout the summer months. In those cases this Court denied unemployment benefits to the teachers, holding that under Section 4(u) of the Act they were not "unemployed." This Court in both of the above cited cases reasoned that the teachers remained in the employ of their respective school districts because they received remuneration[2] for the claim weeks in question and continued to receive insurance coverage during those weeks. We conclude that *Hyduchak* and *Holets* govern the instant case.

Claimant attempts to distinguish his case from *Hyduchak* and *Holets* by asserting that the teachers in those cases actually received their bi-weekly salaries over the summer months, while he chose to exact his salary in one lump sum payment. We submit that claimant's argument points out a distinction without a difference. *See Holets, supra.*

We are compelled to conclude that claimant, David Partridge, was not "unemployed," from June 22, 1979

---

[2] "Remuneration" was defined by the Supreme Court of Pennsylvania in *Gianfelice Unemployment Compensation Case,* 396 Pa. 545, 555, 153 A.2d 906, 911 (1959) as "payment for services performed."

to August 31, 1979, for purposes of the Act. To rule otherwise would be to allow a claimant to arrange his salary schedule so that he could receive benefits to which he would not otherwise be entitled. Such a result would be completely inequitable.

For the reasons set forth above, we affirm the determination of the Board denying benefits to claimant.

ORDER

AND Now, the 12th day of June, 1981, the Order of the Unemployment Compensation Board of Review at Decision No. B-177346, denying benefits, is affirmed.