Joseph G. Kandala, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs November 16, 1984, to Judges MacPhail, Doyle and Senior Judge Blatt, sitting as a panel of three.

*Shelley W. Elovitz, Watzman & Elovitz,* for petitioner.

*James K. Bradley,* Associate Counsel, with him, *Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

Opinion by Judge Blatt, March 13, 1985:

Joseph G. Kandala (claimant) appeals here an order of the Unemployment Compensation Board of Review (Board) which affirmed a referee's decision holding that he was not "unemployed" as that term is defined in Section 4(u) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §753(u).

On May 27, 1982, the Hempfield School District (employer) notified the claimant, who worked as a tenured, permanent, full-time teacher, that he was being furloughed for the 1982-1983 school term due to

declining pupil enrollment. The separation notice stated that the claimant's medical benefits, life insurance and other fringe benefits would continue until the beginning of the 1982-1983 school term. In June 1982, after being furloughed, the claimant requested and received the balance of his salary for the 1981-1982 contract year in a lump sum payment, although the applicable labor-management agreement provided that a teacher's salary was ordinarily paid over a twelve month period. On July 7, 1982, the employer informed the claimant that if he wished to be placed on a substitute teacher list for the 1982-1983 school year, he would have to return an acknowledgment form, which the claimant chose not to do, and he did not return the form.

The Board affirmed the referee's conclusion that, while the claimant was not ineligible for benefits under Section 402.1(1) of the Law, 43 P.S. §802.1(1) because he had no reasonable assurance of employment with an educational institution in the 1982-1983 school year, he was ineligible for benefits during the compensable weeks ending June 19, June 26 and July 3 because he was not then "unemployed" as that term is defined by Section 4(u) of the Law.

The only issue raised here is whether or not the Board's application of Section 4(u) of the Law is unconstitutional in that it denies the claimant equal protection under the law. And, of course, our review includes a determination as to whether or not the Board's adjudication is in violation of the claimant's constitutional rights. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704.

The claimant contends that the Board and this Court, in such cases as *Partridge v. Unemployment Compensation Board of Review*, 60 Pa. Commonwealth Ct. 47, 430 A.2d 735 (1981), *Holets v. Unemployment*

*Compensation Board of Review,* 39 Pa. Commonwealth Ct. 38, 394 A.2d 1299 (1978) and *Hyduchak v. Unemployment Compensation Board of Review,* 35 Pa. Commonwealth Ct. 575, 387 A.2d 669 (1978), have denied him and other claimants who are teachers equal protection under the law in that unemployment compensation benefits were there denied on the basis that claimants were continuing to receive employee benefits during the summer months whereas other claimants, who worked in other occupations and were furloughed during a time of plant retooling, for example, but still continue to receive employee benefits during the period of furlough, would be awarded benefits.

We believe, however, that the claimant has mischaracterized our holding in *Partridge, Holets* and *Hyduchak.* In each of these cases,[1] we held that the claimants were not "unemployed" for the purposes of receiving unemployment compensation benefits for the summer months because they were to receive wages during that time; the decisions were not based on the fact that the claimants in those cases might also have been continuing to receive employee fringe benefits during the summer months.

Under Section 4(u) of the Law, an employee is considered "unemployed"

> with respect to any week (i) during which he performs no services for which remuneration is

---

[1] The claimant in *Partridge* was in a position identical to that of the claimant here—*i.e.* he had been furloughed and had received a lump sum payment covering his summer months salary—while the claimants in both *Hyduchak* and *Holets* expected to be re-employed in September. The Board, however, in both *Hyduchak* and *Holets* premised ineligibility on the fact that the claimants were not "unemployed" under Section 4(u) of the Law because they received their salary over a twelve month period rather than by determining they had a reasonable assurance of continued employment at an educational institution under Section 402.1(1) of the Law.

paid or payable to him and (ii) with respect to which no remuneration is paid or payable to him.

And here, where the claimant's employment contract provided that his wages[2] would be paid over a twelve month period, we do not believe that his receipt of a lump sum payment in June covering his wage for June, July and August supports a conclusion that he was "unemployed" during the weeks here in question. *Partridge.* In particular, we note that Section 4(u) impliedly states that a claimant can not be considered unemployed in any week in which remuneration is "paid or payable" and, further, it can not be contested here that, under the claimant's employment contract his wages were "payable" over the course of the summer months.

We believe, therefore, that the Board was correct in concluding that the claimant remained employed during the weeks in question and that he consequently was not then eligible for benefits.

In view of the above discussion, we find the claimant's equal protection argument to be without merit. We would emphasize that, under his employment contract, he was to receive remuneration throughout the summer months and that, therefore, he would not be "unemployed" pursuant to Section 4(u) of the Law until the commencement of the next contract year. Consequently, he is not similarly situated to the hypothetical factory worker who is temporarily laid off without pay, as he had contended in his equal protection argument. Accordingly, that argument must fail.

---

[2] Wages are defined pursuant to Section 4(x) of the Law, 43 P.S. §753(x) as "all remuneration (including the cash value of mediums of payment other than cash . . .) paid by an employer to an individual with respect to his employment" with listed exceptions not relevant here.

We will, therefore, affirm the Board's denial of benefits.

### ORDER

AND Now, this 13th day of March, 1985, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.

This decision was reached prior to the resignation of Judge WILLIAMS, JR.