498 A.2d 824

**BRISTOL TOWNSHIP SCHOOL DISTRICT, Appellant,**

**v.**

**Helene KARAFIN, Richard Puchino, Karen Brody, Lynn Rocco-grandi, Sherrie Noch, Rochelle Gay, Janice Hines, Richard Cornwell, Linda Harten, Linwood Rohrbach, and Joann Schmidt, Appellees.**

Supreme Court of Pennsylvania.

Argued April 15, 1985.

Decided Sept. 25, 1985.

Edwin Popkin, Langhorne, for appellant.

A. Martin Herring, Jenkintown, for appellees.

Michael I. Levin, Harrisburg, amicus for Pa. Sch. Bd. Assoc.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

### OPINION OF THE COURT

PAPADAKOS, Justice.

Bristol Township School District appeals from the Order of the Commonwealth Court, 84 Pa.Cmwlth. 52, 478 A.2d 539 which affirmed the Order of the Court of Common Pleas of Bucks County. The Court of Common Pleas had ordered the School District to grant eleven teachers sabbatical leave for the 1981–82 school year. The effect of this order was to postpone their suspension from employment

which had been scheduled to begin at the end of the 1980–81 school year.

The issue in this case is one of first impression in this Commonwealth and involves a conflict between two provisions of the Public School Code.[1] The conflict is between Section 1124[2] of the Public School Code which empowers school boards to suspend professional employees because of a "substantial decrease in pupil enrollment in the school district," and Section 1166[3] which entitles any professional employee of the public school system who has completed ten years of satisfactory service "to a leave of absence for restoration of health, study or travel, or, at the discretion of the board of school directors, for other purposes."

Commonwealth Court, in affirming the trial court, held that, under Section 1166 of the School Code, a sabbatical is mandatory once an employee meets the requirements of Section 1166; thus, a school board has no discretion whether to grant the sabbatical leave. Therefore, the Court reasoned, a school board cannot deny the employee's right to a sabbatical leave because the employee was scheduled to be suspended.

For the reasons stated herein, we affirm the Commonwealth Court.

There is no factual dispute in this case. All eleven Appellees were teachers in the Appellant Bristol Township School District, who, except for the legal issue to be resolved in this case, would otherwise qualify for a sabbatical leave.

Appellees were notified prior to the end of the 1980–81 school year that they would be suspended for the 1981–82 school year in accordance with the provisions of Section 1124 of the Public School Code.[4] The suspensions were the

1. Act of March 10, 1949, P.L. 30, as amended.
2. 24 P.S. § 11–1124.
3. 24 P.S. § 11–1166, as amended.
4. Section 1124 of the Public School Code, 24 P.S. § 11–1124, states in pertinent part:

result of the closing of a high school in the school district brought about by a decline in pupil enrollment. Appellees admit in their brief to this Court that they were aware that they might be suspended by the school district as a result of the declining enrollment. All Appellees applied for sabbatical leave for the 1981–82 school year. These requests were denied by the School District because all eleven Appellees were scheduled to be among those teachers suspended at the end of the 1980–81 school year. Appellees petitioned for declaratory judgment under 42 Pa.C.S. § 7533, seeking a declaration of their rights under the Public School Code regarding their requested sabbatical leaves.

The trial court ruled in favor of Appellees, holding that the right to a sabbatical leave, once accrued under the Code, could not be denied due to suspension. The trial court held that the requested sabbatical leave should have extended Appellees' employment to the end of the 1981–82 school year, at which time the notice of suspension could have become effective.

Commonwealth Court affirmed this determination and the School District petitioned for our review. We granted allocatur to resolve the apparent conflict between several sections of the Public School Code. The issue to be resolved is whether the suspension of a teacher or other professional employee pursuant to the Public School Code deprives the employee of a sabbatical leave to which he or she would otherwise be entitled.

The pertinent sections of the Public School Code underlying this controversy are as follows:

*Section 1166 Persons Entitled*

Any person employed in the public school system of this Commonwealth who has completed ten (10) years of satisfactory service as a professional employe or member of the supervisory, instructional or administrative staff, or

Any board of school directors may suspend the necessary number of professional employees, for any of the causes hereinafter enumerated: 1) *substantial decrease in pupil enrollment in the school district;* ...

as a commissioned officer, of any board or school directors, county board of school directors, or any other part of the public school system of the Commonwealth, *shall be entitled to a leave of absence* for restoration of health, study or travel, or, at the discretion of the board of school directors, for other purposes. At least five consecutive years of such service shall have been in the school district from which leave of absence is sought, unless the board of school directors shall in its discretion allow a shorter time.... (Emphasis added.)

*Section 1167 Preferences: Limitations* [5]

Applications for leaves of absence shall be given preference, according to the years of service since the previous sabbatical leave of the applicant, and in accordance with regulations adopted by the board of school directors. No school district shall limit the number of leaves of absence granted in any school year to less than ten per centum (10%) of the number of persons eligible for such leave of absence regularly employed in such district. Schools which have a staff of seven (7) or less teachers shall be permitted at least one leave of absence each term.

*Section 1168 Return to Employment* [6]

No leave of absence shall be granted unless such person shall agree to return to his or her employment with the school district for a period of not less than one school term immediately following such leave of absence.

No such leave of absence shall be considered a termination or breach of the contract of employment, and the person on leave of absence shall be returned to the same position in the same school or schools he or she occupied prior thereto.

Upon expiration of a sabbatical leave, by consent of the school board, the requirement that the person on leave of absence shall return to the service of the school district or to the same position in the same school or schools that he

5. 24 P.S. § 11–1167.
6. 24 P.S. § 11–1168.

or she occupied prior thereto, may be waived. If the school board has not waived the obligation to return to school service upon expiration of the sabbatical leave and the employe fails to do so, unless prevented by illness or physical disability, the employe shall forfeit all benefits to which said employe would have been entitled under the provisions of this act for the period of the sabbatical leave.

If such employe resigns or fails to return to his employment, unless the requirement to return to service is waived by the board of school directors, the amount contributed by the school district under section 1170 of this act to the Public School Employes' Retirement Fund shall be deducted from the refund payable to such employe under existing law and the amount so deducted shall be refunded to the school district by which it was paid.

*Section 1169 Salary While on Leave* [7]

The person on leave of absence shall receive one half of his or her regular salary during the period he or she is on sabbatical leave.

*Section 1170 Rights Retained* [8]

Every employe, while on sabbatical leave of absence, shall be considered to be in regular full-time daily attendance in the position from which the sabbatical leave was taken, during the period of said leave, for the purpose of determining the employe's length of service and the right to receive increments, as provided by law.

Every person on leave of absence shall continue his or her membership in the School Employes' Retirement Association. The school district shall pay into the School Employes' Retirement Fund on behalf of each such employe on leave, in addition to the contributions required by law to be made by it, the full amount of the contribution required by law to be paid by the employe, as though said employe were actually in regular full-time daily attend-

7.  24 P.S. § 11–1169, as amended.
8.  24 P.S. § 11–1170.

ance in the position from which the sabbatical leave was taken, so that such employe's retirement rights shall be in no way affected by such leave of absence. The amount of the contribution required to be paid by the employe shall be deducted from any compensation payable to the employe while on leave.

Nothing in this subdivision of this article shall be construed to prevent any person on leave of absence from receiving a grant for further study from any institution of learning.

*Section 1171 Regulations* [9]

The board of school directors shall have the right to make such regulations as they may deem necessary to make sure that employes on leave shall utilize such leave properly for the purpose for which it was granted, requiring reports from the employe or employes on leave in such manner as they may deem necessary.

Appellees argue that these sections are "clear and free from all ambiguity." They therefore contend, and the Commonwealth Court held, that the language *"shall* be entitled to a leave of absence" makes the granting of such a leave mandatory once a teacher has met the requirements of the statutory provisions.

■ We agree that the clear and unambiguous purpose of Section 1166 is to make the granting of a sabbatical leave by the school district mandatory once a teacher or other professional employee has otherwise met the requirement of that section. The use by the legislature of the language "... shall be entitled to a leave of absence," clearly evidences a desire on the part of the legislature to make such a leave a right that matures upon the completion, by the employee, of the required number of years of service.[10]

9. 24 P.S. § 11–1171.

10. Section 1921 of the Statutory Construction Act states:
(b) When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit. 1 Pa.C.S. § 1921(b).

■ The School District and *amicus curiae*, the Pennsylvania School Boards Association, argue, nevertheless, that Appellants were not employed as required by Section 1166, the relevant part of which states:

(9) Any person *employed* in the public school system ... who has completed ten years of satisfactory service ... shall be entitled to a leave of absence.

Their argument is that Appellees do not meet this requirement since they are scheduled to be suspended. We find no merit in this argument. The Appellees herein were certainly employed when they applied for their leaves. Furthermore, the sabbatical leaves will operate to postpone the suspension, since under Section 1170, an employee on sabbatical leave will be considered to be in full-time daily attendance in the position from which the sabbatical leave was taken. Therefore, if the teachers are scheduled to be suspended, such suspension cannot become effective until the end of the sabbatical leave, if a suspension is still scheduled.

■ Appellants next argue that the teachers scheduled to be suspended cannot meet the requirements of Section 1168, Return to Employment. We disagree. The teachers meet the requirement of this section by agreeing to return and, at the end of their leaves of absence, presenting themselves as ready to work. If conditions have not changed and the School District still finds it necessary to place a returning teacher on suspended status, then that teacher has still met the requirements of Section 1168 by entering the "pool" of suspended teachers who make themselves available and must be reinstated on the basis of seniority should a position open.

As Section 1125.1 states:

(d)(2) Suspended professional employes shall be reinstated on the basis of their seniority within the school entity. No new appointment shall be made while there is a suspended professional employe available who is properly certificated to fill such vacancy. For the purpose of this subsection, positions from which professional employes

are on approved leaves of absence shall also be considered temporary vacancies.

(3) To be considered available a suspended professional employe must annually report to the governing board in writing his current address and his intent to accept the same or similar position when offered.

Additionally, the argument that the teachers in the present case have no jobs to which they may return is, even with the grim reality of a declining student enrollment, pure speculation. Conditions could change, such as teachers resigning or retiring, or an increase in the population in the school district, resulting in a recall. In the present case, two of the suspended teachers have been recalled to employment.

It is clear to us that teachers who have worked long enough and performed in a satisfactory manner should receive a sabbatical leave, a right that was given to them by the legislature through the clear language of Section 1166. Teachers returning from sabbatical leaves to which they are entitled, but who, through no fault of their own, find their positions either temporarily or permanently lost due to declining enrollment should not have to forfeit this right.

Moreover, the granting of the sabbatical leaves in this case will serve the result sought by the School District, that is, a reduction in the work force. Allowing the teachers to take their leaves during the period in which they would otherwise have been suspended serves the purpose of reducing the teaching force, which is necessitated by the reduction in enrollment. The teachers can take their sabbatical leaves, which will improve their performances should they return, and the School District does not have to hire substitute teachers.

Thus, Section 1125.1 really does not come into play until after the teacher returns from sabbatical leave. At that time, if circumstances still warrant a suspension, the teacher may then be placed on such status.

Notwithstanding, we affirm the Commonwealth Court and the Order of the trial court.