525 A.2d 868

The United School District, Appellant *v.* William H. Rushin, Appellee.

Argued October 10, 1986, before Judges CRAIG and BARRY (P.), and Senior Judge BLATT, sitting as a panel of three.

158

*Edwin M. Clark, Jr., Holsinger, Clark & Armstrong,* for appellant.

*Mark P. Widoff, Widoff, Reager, Selkowitz & Adler, P.C.,* for appellee.

OPINION BY JUDGE BARRY, May 14, 1987:

The United School District (appellant) appeals an order of the Court of Common Pleas of Indiana County granting a motion for summary judgment in favor of William H. Rushin.

The facts are not disputed. Rushin served as an employee in the Commonwealth's public school system for twenty years. He was employed by appellant four years as a high school principal and, from 1982 to 1985, as its school superintendent. On January 14, 1985, the school board declared open the position of superintendent, effective July 1, 1985. On March 11, 1985, the school board refused to renew Rushin's contract. On May 13, 1985, while still employed by appellant, Rushin applied for a sabbatical leave. The request was denied on June 11, 1985 and Rushin's contract expired on June 30, 1985. On August 14, 1985, Rushin filed an action for declaratory judgment requesting the trial court to declare unlawful appellant's refusal to grant him a sabbati-

cal leave. On December 4, 1985, he filed a motion for summary judgment which was granted on January 8, 1986. This appeal followed.

In *Bristol Township School District v. Karafin*, 508 Pa. 409, 498 A.2d 824 (1985), our Supreme Court held that a school district *must* grant sabbatical leave to teachers or other professional employees who have met the statutory requirements set forth in Section 1166 of the Public School Code of 1949 (Code), Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §11-1166. This must be done notwithstanding the fact that the teachers involved may be scheduled to be suspended at the time they request their sabbatical leave.

Appellant concedes that Rushin does meet all of the requirements set forth in Section 1166 of the Code. However, it maintains that he is not entitled to a sabbatical leave because he cannot comply with Section 1168 of the Code which provides, in part, as follows: "No leave of absence shall be granted unless such person shall agree to return to his or her employment with the school district for a period of not less than one school term immediately following such leave of absence." Appellant argues that, because Rushin's contract expired in 1985 and was not renewed, he cannot agree to return to a position which is no longer available to him.[1] The Supreme Court addressed this same issue in *Bristol Township* and it specifically stated:

> It is clear to us that teachers who have worked long enough and performed in a satisfactory manner should receive a sabbatical leave, a right that was given to them by the legislature through the clear language of Section 1166. Teachers returning from sabbatical leaves to

---

[1] In his application Rushin stated that he would be willing to return to work on July 1, 1986.

which they are entitled, but who, through no fault of their own, find their positions either temporarily or *permanently* lost due to declining enrollment should not have to forfeit this right. *Bristol Township* at 417, 498 A.2d at 829 (emphasis added).[2]

Appellant also argues that if Rushin is permitted to take a sabbatical leave *at this point* he will unilaterally extend his contract for an additional year. While it is certainly true that a sabbatical leave will continue Rushin's employment with appellant for one more year, this is an inevitable result which would occur regardless of when a commissioned officer[3] chooses to take his sabbatical.

Section 1166(a) of the Code provides, in relevant part, as follows:

> (a) Any person employed in the public school system of this Commonwealth who has completed ten (10) years of satisfactory service as a professional employe or member of the supervisory, instructional or administrative staff, or *as a commissioned officer*, of any board of school directors, county board of school directors, or any other part of the public school system of the Commonwealth, shall be entitled to a leave of absence for restoration of health, study or travel, or, at the discretion of the board of school directors, for other purposes. (Emphasis added.)

---

[2] Although the teachers in *Bristol Township* were suspended due to declining enrollment, we do not believe that the Court's holding should be narrowly interpreted as applicable only in cases where the employee has lost his or her position due to declining enrollment.

[3] District Superintendents are commissioned officers. Section 1078 of the Code, 24 P.S. 10-1078.

Clearly, commissioned officers are granted the exact same rights to sabbatical leave as teachers and other professional employees. We, therefore, see no reason why our Supreme Court's holding in *Bristol Township* should not apply with equal force to the case presently before us. Rushin has met all of the necessary requirements and he must be granted the sabbatical leave which he properly requested.

Affirmed.

### ORDER

NOW, May 14, 1987, the order of the Court of Common Pleas of Indiana County at 1215 C.D. 1985, dated January 8, 1986, is affirmed.