## McCann v. Reynolds School District

*William J. Maikovich*, for plaintiffs.
*William G. McConnell*, for defendant.

FORNELLI, *J.*, February 9, 1989 — Plaintiffs were teachers in defendant's school district who have filed an action for declaratory judgment asserting a right to sabbatical leave at a time when they were suspended. Defendant has demurred. In considering a demurrer, we must accept as true all well-pled facts in the complaint. Moreover, all the parties agree there is no factual dispute among them. It is agreed that except for their suspension plaintiff teachers would be otherwise eligible for sabbatical leave under section 1166 of the Public School Code, 24 P.S. §§11-1166. It is agreed that the School Board except for the claimed sabbaticals

otherwise had the power and properly suspended plaintiffs by reason of a substantial decrease in pupil enrollment in the school district under section 1124 of the code, 24 P.S. §§11-1124, as amended.

This case deals with the apparent conflict between these two provisions of the School Code. During the 1987-88 school year (July 1, 1987 to June 30, 1988), the board voted and announced on May 20, 1987 its intention to suspend teachers for the next school year — July 1, 1988 to June 30, 1989 — because of decreased student enrollment. Plaintiffs did not assert a right to a hearing on the suspensions nor did they then assert a claim for sabbatical leave prior to their suspensions. Long after the end of the school term and after the end of the school year in which the suspensions were announced (1987-88), plaintiffs while suspended requested on July 16, 1987 a sabbatical leave. They were denied. That a substantial decrease in school enrollment in the district had occurred is uncontested and plaintiffs are the only two teachers who have asserted a right to sabbatical status to end their suspensions.

The applicable portions of section 1166 of the code granting a sabbatical leave provide:

"§1166. *Persons Entitled* —

"Any person employed in the public school system of this commonwealth who has completed 10 years of satisfactory service as a professional employee . . . *shall be entitled* to a leave of absence for restoration of health, study, or travel, or, at the discretion of the board of school directors, for other purposes . . . " 24 P.S. §11-1166. (emphasis supplied)

The Supreme Court of Pennsylvania in *Bristol Township School District v. Karafin,* 508 Pa. 409, 498 A.2d 824 (1985), a case of first impression, held that teachers who are due to be suspended as a

result of declining school enrollment may properly assert as a matter of entitlement sabbatical status. That right turned on the teachers' ability to qualify as "employed" within the meaning of the statute. Plaintiffs in *Bristol* had applied for sabbatical leave prior to the effective date of their suspensions (the coming school year) and while they were active employees in the current school year. Accordingly, the Supreme Court found that since the teachers met the requirements of this section, the granting of the leave was mandatory. In response to the school district's argument that the teachers had not met the requirements of section 1166 because they were scheduled to be suspended, the court said:

"We find no merit in this argument. The appellees herein were certainly employed *when they applied for their leaves*. Furthermore, the sabbatical leaves will operate to postpone the suspension, since under section 1170, an employee on sabbatical leave will be considered to be in full-time daily attendance . . . Therefore, if the teachers are scheduled to be suspended, such suspension cannot become effective until the end of the sabbatical leave, if a suspension is still scheduled." *Bristol* at 416, 498 A.2d at 828. (emphasis supplied)

Similarly, the Commonwealth Court recognized a right to a sabbatical requested by a school superintendent while still employed in *United School District v. Rushin*, 106 Pa. Commw. 157, 525 A.2d 868 (1987).

However, in the case at bar, plaintiffs did not submit their request for a sabbatical until during the next school year and after their suspensions had occurred. Thus, unlike *Bristol*, they were not employed at the time of the request and did not meet the statutory requirements of section 1166 for a sabbatical. Also, unlike *Bristol*, the suspensions

having already become effective, a sabbatical could not retroactively or conceptually deem them to be in full-time daily attendance.

The simple lesson of *Bristol* is that any teacher who is actively employed (even though facing future suspension because of decreased enrollment) and who otherwise qualifies under section 1166 of the code is entitled to a sabbatical leave upon request. That teacher will under section 1170 be deemed in attendance during that leave even though a school board tries to override the statutory mandates of section 1166 and 1170 by a suspension which takes effect thereafter. But once a teacher is suspended and not actively employed, he may not then assert a sabbatical leave to interrupt that suspension and thereby override the school board's previous exercise of its grant of power under section 1124 to suspend for decreased school enrollment.

As suspended employees, plaintiffs had no employment status at the time of their requested sabbaticals except for the statutory right of recall to employment should their certification and seniority qualify them for an open position. See section 1125.1(d)(2) and (3). It is of note that a suspended teacher is not considered "employed" within the meaning of the Unemployment Compensation Statute. See 43 P.S. §753(u). A suspended teacher is eligible for unemployment compensation. See *Kandala v. Unemployment Compensation Board of Review,* 88 Pa. Commw. 199, 489 A.2d 293 (1985). There is no sound basis to believe that the legislature intended that a person "employed" within section 1166 of the School Code include a suspended teacher who is deemed not employed by the Unemployment Compensation Law.

This holding is both a logical and practical meshing of sections 1166, 1170 and 1124 of the code. To

interpret "employed" under section 1166 to include employees already suspended from employment would extend the right to sabbatical under section 1166 to individuals anytime during their suspensions. It cannot be logically asserted that the legislature intended a suspended teacher could come forward during the second, fifth or tenth year after his suspension and require a school board to then provide him with a sabbatical leave at one-half pay and all of the other fringe benefits including seniority and pension provided by section 1170 during sabbatical status.

Moreover, the meshing of these School Code sections as provided herein works no hardship upon the teachers who need merely to assert their right to a sabbatical prior to the effective date of suspension, as the plaintiffs did in *Bristol,* i.e., while employed. Why plaintiffs here did not do so is known only to them.

Hence, this

## ORDER

And now, February 9, 1989, plaintiffs' request that a judgment be declared that defendant's refusal to grant plaintiffs a sabbatical during their suspension was a denial of their rights under the School Code is denied.