**ERIE INSURANCE GROUP, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Nov. 23, 1994.

Decided Jan. 9, 1995.

Karen S. Phelps, for appellant.

Randall S. Brandes, Asst. Counsel and Clifford F. Blaze, Deputy Chief Counsel, for respondent.

Edward J. Betza, for intervenor.

Before COLINS, President Judge, and McGINLEY, J., and RODGERS, Senior Judge.

COLINS, President Judge.

The employer, Erie Insurance Group, petitions for review of an order of the Unemployment Compensation Board of Review (Board) which affirmed a referee's decision granting benefits to the claimant, Martin Eisert, pursuant to Sections 401 and 4(u) of the Unemployment Compensation Law (Law).[1] We affirm.

The undisputed facts in this case are as follows. The claimant worked for the employer from 1962 until his termination on November 10, 1993. As part of the claimant's separation, the employer agreed to pay the claimant severance benefits in the amount of $3,287.61 per month. In addition, the claimant receives $1,102.42 monthly from a deferred compensation plan.

The claimant applied for unemployment compensation benefits which were granted by the Office of Employment Security (OES). On appeal, the referee conducted a hearing and affirmed the decision of the OES. Thereafter, the Board affirmed the decision of the referee granting benefits to the claimant.

On appeal, the employer contends that, because the claimant receives deferred compensation, the claimant is not unemployed.[2] Section 4(u) of the Law, 43 P.S. § 753(u), defines unemployed, in pertinent part, as follows:

An individual shall be deemed unemployed (I) with respect to any week (i) during which he performs no services for which remuneration is paid or payable to him and

---

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §§ 801, 753(u).

2. The employer does not contend that the severance payment renders the claimant not unemployed. We note that, in accordance with *Hock*

*v. Unemployment Compensation Board of Review,* 50 Pa.Commonwealth Ct. 517, 413 A.2d 444 (1980), an employee who receives severance payment can also receive unemployment benefits.

(ii) with respect to which no remuneration is paid or payable to him, or (II) with respect to any week of less than his full-time work if the remuneration paid or payable to him with respect to such week is less than his weekly benefit rate plus his partial benefit credit.

There is no dispute that the claimant has not performed any services for the employer since his termination on November 10, 1993. Thus, the claimant satisfies the first requirement of unemployment as that term is defined under the Law. The more difficult question, however, arises under (ii).

The question under (ii) is when were the services performed for which the claimant received payment. *Pennsylvania Electric Company v. Unemployment Compensation Board of Review*, 73 Pa.Commonwealth Ct. 258, 458 A.2d 626 (1983). Payments made during the weeks at issue does not mean that those payments are made with respect to those weeks. *Id.*

In this case, the employer's witness testified that, through the employer's deferred compensation plan, employees had the option of deferring a portion of their annual salary. In accordance with the terms of the plan, participants, upon termination, choose a method of payment for receipt of the accumulated money. In this case, the claimant, upon his termination, chose to receive monthly payments over a ten-year period.

The employer specifically argues that money received by the claimant from the deferred compensation plan is analogous to the salary received by teachers in the summer months. Though no work is performed during those months, the salary renders teachers ineligible for compensation. *Partridge v. Unemployment Compensation Board of Review*, 60 Pa.Commonwealth Ct. 47, 430 A.2d 735 (1981). We disagree.

In *Partridge*, a teacher was paid based on a twelve-month work year. The teacher learned in June that, because of declining enrollment, he would no longer be employed with the school district as of September. The teacher then elected to receive a lump sum salary payment in June covering his wages for the summer months. In addition, he filed an application for unemployment benefits for the same three-month period. This Court determined that, although he did not teach during the summer months, he remained employed by the school district. The teacher received payment for services which, although performed during the nine-month school term, were payable with respect to the summer months in accordance with the teacher's choice to be paid over the entire twelve-month work year.

In contrast, the claimant in this case has performed no services for which the employer either paid or owed payment to the claimant during the weeks at issue. The deferred compensation is money to which the claimant is entitled based upon accumulated past service. Through the plan, the claimant essentially saved a portion of his salary over his 30 years of employment. The plan merely permitted the employee to defer taxes owed on the money.

Because the claimant is unemployed as that term is defined in Section 4(u) of the Law, 43 P.S. § 753(u), the decision of the Board is affirmed.

## ORDER

AND NOW, this 9th day of January, 1995, the order of the Unemployment Compensation Board of Review, in the above-captioned matter, is affirmed.