Amy GUSKY, Petitioner

v.

UNEMPLOYMENT COMPENSATION
BOARD OF REVIEW,
Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 11, 2012.

Decided Aug. 30, 2012.

Nicole Flaherty, Homestead, for petitioner.

Carol J. Mowery, Assistant Chief Counsel, Harrisburg for respondent.

BEFORE: COHN JUBELIRER, Judge, and McCULLOUGH, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Judge COHN JUBELIRER.[1]

Amy Gusky (Claimant) petitions for review of the December 6, 2011, Order of the Unemployment Compensation Board of Review (Board), which affirmed the decision of an Unemployment Compensation Referee (Referee) finding Claimant ineligible for unemployment compensation (UC) benefits. The Board determined that Claimant was not "unemployed" pursuant to Sections 401 and 4(u) of the Unemployment Compensation Law (Law)[2] for the

---

1. The majority opinion was reassigned to the authoring judge on July 31, 2012.

2. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §§ 801, 753(u). Section 401 of the Law provides that "[c]ompensation shall be payable to any employe who is or becomes unemployed...." 43

P.S. § 801. Section 4(u) of the Law defines "unemployed," in relevant part, as:

An individual shall be deemed unemployed (I) with respect to any week (i) during which he performs no services for which remuneration is paid or payable to him and

claim weeks at issue. Claimant argues that: (1) the Board erred in finding that she was employed under Sections 401 and 4(u) for the claim weeks ending June 18, 2011 through September 3, 2011 and, therefore, ineligible for UC benefits for those weeks;[3] (2) the general definition of unemployment in Section 4(u) of the Law does not apply to the time between academic school years for school employees; and (3) the Board's Order is inconsistent with other decisions involving identical claims with identical facts adjudicated by the Board, in violation of Section 503(a)(1) of the Social Security Act, 42 U.S.C. § 503(a)(1).[4]

■ The facts in this matter, as found by the Referee and adopted by the Board, are as follows:

1. [Claimant] was employed with the Steel Valley School District [ (Employer) ] as a Chemistry Teacher, full-time, working 38 hours per week, salaried at $45,121.00 per year plus fringe benefits including health, vision, dental and pension, from August 24, 2009 through June 8, 2011, [Claimant's] last day at work.

2. [Employer] pays its permanent teachers over a twelve month period issuing 26 bi-weekly checks between September 1 and August 31 of each year.

3. [Employer] provides fringe benefits to its permanent teachers over that 12 month period, as well.

4. [Claimant's] last paycheck [was] issued on August 19, 2011 and [Claimant's] fringe benefits expired on August 31, 2011.

5. On May 24, 2011, [Employer's] Board of Directors voted to eliminate [Claimant's] job effective the last date of the classes for the 2010–2011 academic term, June 8, 2011.

6. [Claimant] filed an application for benefits, effective June 12, 2011, that established a weekly benefit allowance of $532.00, a partial benefit credit of $213.00 and a combined weekly benefit rate of $745.00.

(Board's Findings of Fact (FOF) ¶¶ 1–6.) The Duquesne UC Service Center (Service Center) denied Claimant UC benefits for the claim waiting week ending June 18, 2011, and for claim weeks ending June 25,

---

(ii) with respect to which no remuneration is paid or payable to him.
43 P.S. § 753(u). "Remuneration" has been "defined ... as 'payment for services performed.'" *Partridge v. Unemployment Compensation Board of Review*, 60 Pa.Cmwlth. 47, 430 A.2d 735, 736 n. 2 (1981) (quoting *Warner Company v. Unemployment Compensation Board of Review*, 396 Pa. 545, 555, 153 A.2d 906, 911 (1959), *superseded in part by statute*, *Department of Labor and Industry, Bureau of Employment Security v. Unemployment Compensation Board of Review*, 418 Pa. 471, 482 n. 13, 211 A.2d 463, 469 n. 13 (1965)).

3. Claimant was deemed ineligible for claim credit for the waiting week ending June 18, 2011 and claim weeks ending June 25, 2011 through September 3, 2011. (Referee's Decision/Order at 2.)

4. Section 503(a)(1) provides:

(a) Provisions required. The Secretary of Labor shall make no certification for payment to any State unless it finds that the law of such State, approved by the Secretary of Labor under the Federal Unemployment Tax Act, includes provision for—
(1) Such methods of administration (including after January 1, 1940, methods relating to the establishment and maintenance of personnel standards on a merit basis, except that the Secretary of Labor shall exercise no authority with respect to the selection, tenure of office, and compensation of any individual employed in accordance with such methods) as are found by the Secretary of Labor to be reasonably calculated to insure full payment of unemployment compensation when due.
42 U.S.C. § 503(a)(1).

2011 through September 3, 2011, because she was not considered unemployed under the Law. (Notice of Determination, R. Item at 5.) Claimant timely appealed and, after a hearing, the Referee affirmed the Service Center's determination. (Referee's Decision and Order at 2.) Claimant then appealed to the Board, which adopted the Referee's findings of fact and conclusions of law as its own. (Board Order at 1.) The Board opined that "the wages [C]laimant received through August 31, 2011, were in consideration for the services already rendered during the school year." (Board Order at 1.) Thus, the Board held that Claimant was ineligible for UC benefits because she was not unemployed during the claim weeks at issue pursuant to Sections 401 and 4(u) of the Law. (Board Order at 1.) Claimant now petitions this Court for review of the Board's Order.[5]

On appeal, Claimant first argues that the Board erred in finding her ineligible for UC benefits pursuant to Sections 401 and 4(u) of the Law for the claim weeks ending June 18, 2011 through September 3, 2011. Claimant contends that she became unemployed on June 8, 2011. Claimant recognizes that this Court held in *Partridge v. Unemployment Compensation Board of Review*, 60 Pa.Cmwlth. 47, 430 A.2d 735, 737 (1981), that a furloughed teacher is not unemployed during the summer months if remuneration is payable to him or her for those months. Nevertheless, Claimant argues that *Partridge* is distinguishable on its facts; specifically, on the bases that: (1) the teacher's employment in *Partridge* was terminated effective the beginning of September 1979, while Claimant's employment was terminated effective June 8, 2011; and (2) even though the teacher in *Partridge* received an accel-

erated lump-sum payment of his salary in June 1979, he was entitled to his salary through the end of August 1979; "therefore, remuneration was *payable* to him until" August 31, 1979, while Claimant "received her final paycheck on August 19, 2011 and was not employed until August 30, 2011 because no remuneration was *paid or payable* to her after August 19, 2011." (Claimant's Br. at 6 (emphasis in original).) However, despite these factual differences, because like the claimant in *Partridge*, Claimant here received remuneration from Employer for the period in which she is requesting benefits, *Partridge* is applicable here.

In *Partridge*, the claimant was employed as a teacher and, while he only performed services for the nine months of the school year, he was paid over a twelve-month period. Due to declining enrollment, the claimant was notified in June 1979 that his employment would be terminated following the 1978–79 school year; therefore, he would no longer be employed beginning in September 1979. The claimant chose to receive the remainder of his twelve-month salary in a lump-sum payment on June 22, 1979. If the claimant had not elected the lump-sum option, he would have continued to be paid bi-weekly through August 31, 1979. The claimant applied for UC benefits on June 15, 1979. The Board determined that the claimant was ineligible for UC benefits pursuant to Section 4(u) of the Law. On appeal to this Court, we affirmed, holding that the claimant was not "unemployed" from June 22, 1979, to August 31, 1979, for purposes of the Law because he "received remuneration for the claim weeks in question." *Partridge*, 430 A.2d at 736–37 (footnote omitted). We rejected

5. This Court's review is limited to determining whether the Board's adjudication is in violation of constitutional rights, whether an error of law was committed, or whether the factual findings are supported by substantial evidence. *Nolan v. Unemployment Compensation Board of Review*, 797 A.2d 1042, 1045 n. 4 (Pa.Cmwlth.2002).

the claimant's contention that since he received a lump-sum salary payment on June 22, 1979, rather than wages throughout the summer months, he was unemployed. *Id.* at 736. We reasoned that, if this Court were to hold that the claimant was eligible for the weeks in the summer that he actually received remuneration, we would be permitting "a claimant to arrange his salary schedule so that he could receive benefits to which he would not otherwise be entitled. Such a result would be completely inequitable." [6] *Id.* at 737.

Here, Claimant was paid by Employer over the twelve-month period of September 1, 2010 through August 31, 2011, for her teaching services and she received her final paycheck for the remainder of her twelve-month salary on August 19, 2011. As such, the date that Employer terminated Claimant's position is irrelevant because Claimant received her entire twelve-month salary. Therefore, in accordance with *Partridge*, Claimant was not "unemployed" from June 8, 2011, to September 3, 2011, within the meaning of the Law. Claimant's status did not change from "employed" to "unemployed" until September 4, 2011. Accordingly, the Board did not err in finding that, pursuant to Section 4(u) of the Law, Claimant was not unemployed for the claim credit week ending June 18, 2011 and the claim weeks ending June 25, 2011, through September 3, 2011. To hold otherwise would be inequitable, because Claimant also received remuneration from Employer for this time period.

Next, Claimant relies upon this Court's decision in *School District of Philadelphia v. Unemployment Compensation Board of Review*, 85 Pa.Cmwlth. 526, 483 A.2d 574 (1984) to support the argument that Sections 401 and 4(u) of the Law do not apply to school employees between academic years; therefore, she is eligible for UC benefits pursuant to Section 402.1(1) of the Law, 43 P.S. § 802.1(1).[7] Claimant contends that, as the claimants in *School District of Philadelphia*, she had no reasonable assurance to perform full-time services for Employer in the 2011–2012 school year.

In *School District of Philadelphia*, the issue was whether the claimants, who had completed the first school year (1980–81) of a two-year collective bargaining agreement, had a reasonable assurance of returning to work in the next school year (1981–82) when they were terminated effective September 1, 1981. *School District of Philadelphia*, 483 A.2d at 576–77. This Court did not consider the issue of whether the claimants were ineligible pursuant to Section 4(u) because they received remuneration in the form of wages for the claim weeks in question. Rather, we held that the claimants were eligible for UC benefits pursuant to Section 402.1 because they were officially terminated after the first school year and, therefore, had no reasonable assurance of continuing employment in the second school year. *Id.* at 577. The sole issue here is whether

---

**6.** In *Kandala v. Unemployment Compensation Board of Review*, 88 Pa.Cmwlth. 199, 489 A.2d 293, 294 (1985), we reaffirmed our holding in *Partridge* that furloughed teachers are "not 'unemployed' for the purposes of receiving unemployment compensation benefits for the summer months" if they also "receive wages during that time."

**7.** Added by Section 5 of the Act of July 6, 1977, P.L. 41, *as amended.* Section 402.1(1)

governs benefits based on service for educational institutions and provides that a claimant shall not be paid UC benefits based on "services for any week of unemployment commencing during the period between two successive academic years" if the claimant has a reasonable assurance of continued employment in the second academic year. 43 P.S. § 802.1(1).

Claimant was "unemployed" within the meaning of Section 4(u) of the Law during the summer claim weeks for which she had received a salary from Employer. Thus, Claimant's reliance upon *School District of Philadelphia* is misplaced. As we concluded previously pursuant to *Partridge,* because Claimant received remuneration from Employer for the claim weeks in question, the Board correctly determined that she was not also entitled to UC benefits.

Finally, Claimant argues that identical claims with identical facts have yielded inconsistent and diametrically opposed determinations by the Board in violation of Section 503(a)(1) of the Social Security Act. As support for Claimant's contention, she attached to her brief a copy of the Board's February 10, 2012 decision and order disposing of a different claimant's request for UC benefits.[8]

Upon review of the Board's February 10, 2012 adjudication, we conclude that the decision does not support Claimant's argument. The request for UC benefits adjudicated in the Board's February 10, 2012 decision and order was filed by a teacher who was also furloughed by Employer effective June 8, 2011. It appears that claimant appealed the referee's decision denying her UC benefits pursuant to Section 401(e)(1) of the Law, 43 P.S. § 801(e)(1),[9] for the week ending September 3, 2011, not for the summer months. The Board reversed the referee's decision after determining that the claimant had met the requirements of the Law by serv-

ing a valid waiting week for the claim week ending September 3, 2011; therefore, benefits could not be denied under Section 401(e)(1).

In the instant matter, there is no issue of whether Claimant served a valid waiting week. The issue is whether Claimant is eligible for UC benefits pursuant to Sections 401 and 4(u) of the Law for the claim weeks ending June 18, 2011 through September 3, 2011, weeks that apparently were not at issue in the other case. Accordingly, Claimant has failed to show that identical claims with identical facts have yielded inconsistent and diametrically opposed determinations by the Board in violation of Section 503(a)(1) of the Social Security Act.

For the foregoing reasons, we affirm the Board's Order.

### ORDER

**NOW,** August 30, 2012, the Order of the Unemployment Compensation Board of Review entered in the above-captioned matter is hereby **AFFIRMED.**

DISSENTING OPINION BY Senior Judge FRIEDMAN.

I respectfully dissent. I do not agree that Amy Gusky (Claimant) is ineligible for benefits.

Claimant was employed by the Steel Valley School District (Employer) as a full-time chemistry teacher working thirty-eight hours per week from August 24,

---

8. The Board contends this decision is extra-record evidence that Claimant has improperly attached to her brief. While this Court is limited to the evidence contained in the record, *Fotta v. Workmen's Compensation Appeal Board (U.S. Steel/USX Corporation Maple Creek Mine),* 534 Pa. 191, 196 n. 2, 626 A.2d 1144, 1147 n. 2 (1993), we may take judicial notice of administrative orders. *Levin v.*

*Board of Supervisors of Benner Township, Centre County,* 669 A.2d 1063, 1075 (Pa.Cmwlth. 1995).

9. Section 401(e)(1) provides that "[c]ompensation shall be payable to any employe who is or becomes unemployed, and who ... [h]as been unemployed for a waiting period of one week." 43 P.S. § 801(e)(1).

2009, until Claimant's last day of work on June 8, 2011. Although Claimant continued to receive wages until August 19, 2011, I believe that Claimant was unemployed effective June 8, 2011, and eligible for benefits through September 3, 2011, pursuant to section 402.1 of the Unemployment Compensation Law (Law).[1]

Relying upon *Partridge v. Unemployment Compensation Board of Review,* 60 Pa.Cmwlth. 47, 430 A.2d 735 (1981), the majority opines that Claimant was not "unemployed"[2] from June 8, 2011, to September 3, 2011, because Claimant continued to receive wages and benefits in consideration for the services already rendered during the school year. Although I recognize that the facts of this case are similar to *Partridge,* I believe that *Partridge* is contrary to and cannot be reconciled with section 402.1 of the Law.[3]

Section 402.1 of the Law specifically describes the conditions under which *school employees* may be eligible for unemployment compensation during the period between academic years. Section 402.1(1) of the Law provides:

Benefits based on service for educational institutions pursuant to Article X, XI or XII shall as hereinafter provided be payable in the same amount, on the same terms and subject to the same conditions as outlined in section 404(g); except that:

(1) With respect to service performed after December 31, 1977, in an instructional, research, or principal administrative capacity for an educational institution, *benefits shall not be paid* based on such services for any week of unemployment commencing *during the period between two successive academic years,* or during a similar period between two regular terms whether or not successive or during a period of paid sabbatical leave provided for in the individual's contract, to any individual *if such individual performs such services in the first of such academic years or terms* **and if there is a contract or a reasonable assurance** *that such individual will perform services in any such capacity for any educational institution in the second of such academic years or terms.*

43 P.S. § 802.1(1) (emphases added). In *School District of Philadelphia v. Unemployment Compensation Board of Review,* 85 Pa.Cmwlth. 526, 483 A.2d 574, 577 (1984), we opined that section 4(u)'s general definition of unemployment "does not apply to the between-academic year condition of [school] employees."

I believe that section 402.1 of the Law controls. Applying section 402.1 of the Law to the instant case, I believe that Claimant is eligible for unemployment compensation benefits during the period between successive academic years. Claimant performed instructional services for Employer in the 2010–2011 academic year. However, Claimant had no contract or "reasonable assurance" that she would perform the same services for Employer the following academic year. In fact, on

**1.** Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, added by the Act of July 6, 1977, P.L. 41, *as amended,* 43 P.S. § 802.1.

**2.** Section 4(u) of the Law defines "unemployed" as:
An individual shall be deemed unemployed (I) with respect to any week (i) during which he performs no services for which remuneration is paid or payable to

him and (ii) with respect to which no remuneration is paid or payable to him....
43 P.S. § 753(u).

**3.** Even though *Partridge* involved a furloughed school teacher who sought unemployment compensation benefits between academic years, there is no mention of section 402.1 of the Law.

May 24, 2011, Employer's Board of Directors eliminated Claimant's job effective June 8, 2011. Although Claimant received payments during the summer months, these payments were *for services performed prior to* June 8, 2011. Therefore, I believe Claimant is eligible for benefits for the claim weeks ending June 18, 2011, through September 3, 2011. Accordingly, I would reverse the order of the UCBR.